UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


DAWN WARREN,

      Plaintiff,

v.                              Civil Action No. 2:23-cv-00673

CRUZIN AUTO CARRIERS, LLC and
SAMUEL CRUZ,

      Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>


      Pending is defendant Cruzin Auto Carriers, LLC's ("Cruzin Auto") Motion to Set Aside Entry of Default (ECF No. 32), filed March 18, 2024, and the parties' Joint Motion to Continue Scheduling Order Deadlines and Dismiss Entry of Default Judgment (ECF No. 34), filed March 18, 2024.


<u>I. BACKGROUND</u>


      On or about August 19, 2021, plaintiff Dawn Warren was operating a vehicle in Ravenswood, Jackson County, West Virginia, when, plaintiff alleges, the commercial tractor-trailer operated by defendant Samuel Cruz during the course of his employment with Cruzin Auto rear-ended a vehicle causing a "domino effect" of accidents that involved plaintiff's vehicle

and left plaintiff with severe and permanent injuries.  Compl.
¶¶ 9-14, Notice of Removal Ex. 1, ECF No. 1-1.  Plaintiff
initiated the instant action on August 14, 2023, in the Circuit
Court of Jackson County, West Virginia.  Compl.

Cruz removed to this court on October 10, 2023,
pursuant to the court's diversity jurisdiction.  Notice of
Removal, ECF No. 1.  Defendant Cruzin Auto filed a Disclosure of
Corporate Affiliations and Financial Interest (ECF No. 8) on
October 20, 2023, pursuant to the court's order of October 19,
2023, establishing complete diversity amongst the adversarial
parties.[1]  According to the parties' Rule 26(f) Report of
Planning Meeting (ECF No. 9), filed November 7, 2023, only
plaintiff and Samuel Cruz participated – not Cruzin Auto.

On December 8, 2023, plaintiff filed a Motion to
Extend Time Limit to Effectuate Service of Process of Cruzin
Auto (ECF No. 18), which the court granted on December 11, 2023.
In her motion, plaintiff described four different occasions on
which service of process was attempted as to Cruzin Auto.[2]  Mot.

---

[1] The Notice of Removal asserts that plaintiff is a resident of
South Carolina, Cruzin Auto is incorporated in New Jersey, and
Samuel Cruz is a resident of New Jersey; the amount in
controversy exceeds $75,000.

[2] Plaintiff noted: "the process server advised that the Defendant
was aware of attempts being made to serve the summons and

Extend Time ¶ 3.  When that effort was unsuccessful, plaintiff explained that she then attempted personal service through the State of New Jersey Department of the Treasury but that, at the time of filing the request for additional time for service (December 8), she had not received confirmation from the department that service had been effectuated, nor had Cruzin Auto filed a response to plaintiff's complaint.  Mot. Extend Time ¶¶ 4-13.

On February 29, 2024, with no answer having been filed in this case by Cruzin Auto, plaintiff filed a Motion for Judgment Against Cruzin Auto (ECF No. 27).  Plaintiff asserted that the New Jersey Department of the Treasury effectuated service on January 2, 2024, and she had filed a Notice of Filing (ECF No. 25) evidencing the same.  Mot. for Judgment at 2.  Despite this, Cruzin Auto had not filed an answer or responsive pleading by February 29.  Id.  The Clerk entered default (ECF No. 29) on March 1, 2024.

On March 18, 2024, the following documents were filed: Cruzin Auto's Answer[3] (ECF No. 31), Cruzin Auto's Motion to Set

---

complaint, but refused to open the door or accept the same." Mem. Supp. 1 n. 1.

[3] On the docket this entry reads "Answer to Complaint attached to Notice of Removal," but the court notes that the answer was not filed at the time of the notice removal, but on March 18, 2024.

Aside Clerk's Entry of Default (ECF No. 32), Cruzin Auto's
Memorandum in Support (ECF No. 33), and a joint motion by Warren
and defendants to Dismiss Clerk's Entry of Default (ECF No. 34).
Cruzin Auto's motion argues that the entry of default should be
set aside pursuant to Federal Rule of Civil Procedure 60(b) and
55(c) because service of process was defective or, in the
alternative, defendant can show good cause for setting aside the
entry of default.  In the joint motion, plaintiff states she
does not object to dismissing the entry of default in order to
move forward with the prosecution of the case, given that Cruzin
Auto has filed an answer.[4]  Joint Mot. ¶ 9.  The joint motion
also requests the scheduling order deadlines be continued so
that discovery can be resumed.  Joint Mot. ¶¶ 11–13.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides, in
part, that "[t]he court may set aside an entry of default for
good cause."  The Fourth Circuit Court of Appeals has observed
the following with respect to requests to set aside defaults:

---

[4] Both defendants are represented by the same counsel, who
represented that the reason only one defendant had answered was
that counsel had been unable to contact Cruzin Auto or
effectively communicate with them, but that, as of March 18,
2024, counsel was able to locate Cruzin Auto and file its
answer.  Joint Mot. ¶ 10.

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204–05 (4th Cir. 2006); see also Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010).  The decision of whether to grant such a motion is within the sound discretion of the court.  Payne, 439 F.3d at 205.

The Fourth Circuit Court of Appeals has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."  Colleton, 616 F.3d at 417.  "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits."  Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969).

### III. ANALYSIS

Without deciding whether service was sufficient, the court disposes of this matter by finding that the parties have shown good cause as to why the entry of default should be set aside.  The court begins by noting that not only has plaintiff

voiced no opposition, but indeed supports the entry of default being set aside.

Cruzin Auto makes a plausible showing that good cause exists to set aside the default.  It asserts that it has a meritorious defense, the same defenses that Cruz asserted in his answer of October 13, 2024 (ECF No. 4), being that the complaint fails to state a claim and otherwise denying that Cruz or Cruzin Auto were negligent or otherwise in any way liable for plaintiff's injuries.  Cruzin Auto Mem. Supp. 4.  It asserts that it filed the motion promptly after learning of the entry of default judgment, plaintiff will not suffer any special prejudice (with which plaintiff agrees in the joint motion), and there is no history of dilatoriness on Cruzin Auto's part.  Id. at 5.  Cruzin Auto does not address whether it was responsible for the default.

Given the strong preference to avoid default, Cruzin Auto's response, and the plaintiff's agreement that the default should be set aside, the court agrees that the entry of default may be set aside so that this action may be adjudicated on the merits.

## IV. CONCLUSION

For the reasons stated herein, it is ORDERED that:

1.  Cruzin Auto's Motion to Set Aside Entry of Default (ECF No. 32) be, and it hereby is, GRANTED;

2.  The Clerk's Entry of Default as to Cruzin Auto Carriers, LLC (ECF No. 29) be, and it hereby is, SET ASIDE;

3.  The Joint Motion to Continue Scheduling Order Deadlines and Dismiss Entry of Default Against Cruzin Auto (ECF No. 34), be, and it hereby is, GRANTED; and

4.  The scheduling order (ECF No. 12) of November 8, 2023, be, and it hereby is, AMENDED as set forth below.

| Deadline | Date |
|---|---|
| Last date to serve discovery requests | 05/24/2024 |
| Opening Rule 26 expert disclosures | 05/13/2024 |
| Responsive Rule 26 expert disclosures | 06/07/2024 |
| Rebuttal Rule 26 expert disclosure | 06/24/2024 |
| Discovery to close | 07/08/2024 |
| Dispositive motions deadline | 07/29/2024 |
| Response to dispositive motion | 08/12/2024 |
| Reply to response to dispositive motion | 08/19/2024 |
| Settlement meeting | 09/30/2024 |
| Motion in limine deadline | 10/07/2024 |
| Responses for motions in limine | 10/15/2024 |
| Proposed pretrial order to defendant | 10/03/2024 |

| Integrated pretrial order | 10/10/2024 |
| Pretrial conference | 10/11/2024 10:00 AM |
| Proposed jury charge | 11/08/2024 |
| Final settlement conference | 11/18/2024  1:30 PM |
| Trial | 11/19/2024  9:30 AM |

The Clerk is directed to transmit copies of this order

to all counsel of record and to any unrepresented parties.

ENTER: March 20, 2024

John T. Copenhaver, Jr.
Senior United States District Judge